## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:12cv84

| | | |
|---|---|---|
| MOUNTAIN LAND PROPERTIES, INC. and DIANA D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| FRED LOVELL, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the Motions to Dismiss [# 25, # 26, # 27, # 28]. Plaintiffs brought this action in the Superior Court of Swain County asserting state law claims for negligent nondisclosure, fraud, civil conspiracy, unfair and deceptive trade practices, unjust enrichment, breach of the covenant of good faith and fair dealing, and offset. Defendants removed the action to this Court, and Plaintiffs filed an Amended Complaint. Defendants then each filed separate Motions to Dismiss, which the District Court referred to this Court. Accordingly, Defendants' motions are now before this Court for a Memorandum and Recommendation to the District Court. The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 26, # 27, #28] and **GRANT in part** and **DENY in part** the Motion to Dismiss [# 25].

## I. Background

Plaintiff Dianna D. is a resident of North Carolina and the president of Plaintiff Mountain Land Properties, Inc., a North Carolina Corporation. (Pl.'s Am. Compl. ¶¶ 1-1, 10.) In 2004, Defendant Fred Lovell approached Plaintiffs about investing in a real estate development near Bryson City, North Carolina (the "Unahala Road Property"). (Id. ¶¶ 6-7.) Several months later, Defendant Rodney Hickox also approached Plaintiffs about forming a joint venture between Plaintiffs, Defendant Lovell, and himself. (Id. ¶ 7.)

During the course of meetings regarding this potential joint venture, Defendant Lovell informed Plaintiffs that Plaintiffs would only be responsible for overseeing the development of the Unahala Road Property; they would not need to inject any financial equity into the project. (Id.) In addition, Defendant Lovell stated that the project would be funded by taking out loans in the name of Defendant Lynn Hickox, Defendant Rodney Hickox's wife. (Id.) At the time, Defendant Rodney Hickox was an executive vice president of Community Bank & Trust. (Id. ¶¶ 7, 9.) Defendant SCBT, N.A. ("SCBT") is the successor by merger of Community Bank & Trust. (Id. ¶ 12.)

Plaintiffs made it clear to Defendants Lovell and Rodney Hickox that they did not have the funds to invest any money into the project. (Id. ¶ 8.) Plaintiffs

believed that the parties would fund the project by securing a loan of approximately $745,000.00, secured by a liquid certificate of deposit in the amount of $1 million, and that the certificate of deposit would be on standby at all times in order to extinguish the loan should it become due and payable. (Id.) As a result of the assurances from Defendants and officials at Community Bank & Trust that the loan would be secured by the liquid certificate of deposit, Plaintiffs moved forward with the development by executing the document required to assist in the procurement of the loan in the amount of $745,968.72. (Id. ¶ 10; Ex. A to Def. SCBT's Motion to Dismiss.) As is clear from the face of the loan, the loan was also secured by the property. (Ex. A to Def.'s Mot. to Dismiss.) Plaintiff Dianna D. signed the Commercial Promissory Note on behalf of Plaintiff Mountain Land Properties; she did not sign the documents in her individual capacity. (Ex. A to Def. SCBT's Mot. to Dismiss.)

Once the loan closed on March 30, 2005, Plaintiffs moved forward with securing the property for development. (Id. ¶ 11.) Meanwhile, the initial loan was repeatedly rolled over or extended. (Id. ¶ 12.) Plaintiffs contend that at some point Defendant SCBT allowed Defendants Rodney Hickox or Lovell to withdraw, transfer or diminish the funds from the original certificate of deposit. (Id. ¶ 16.) No one, however, informed Plaintiffs that the initial certificate of deposit had been

displaced, diluted, or released, and Plaintiffs moved forward with the development of the property based on the belief that the certificate of deposit was still available to pay the loan in the event of a default or delinquency.  (Id. ¶¶ 12, 16.)  Between 2005 and 2010, Plaintiffs spent a significant amount of time and resources developing the Unahala Road Property and preparing it for market. (Id. ¶ 27.) Plaintiffs contend that these efforts increased the value of the underlying property. (Id. ¶ 28.)

    At some point, the partnership formed to develop the property fell behind on its payments pursuant to the terms of the loan, and Defendant SCBT attempted to accelerate the debt.  (Id. ¶ 14.)  Subsequently, Defendants Lovell, Rodney Hickox, and Lynn Hickox entered into an agreement with Defendant SCBT to release the certificate of deposit, as well as any interest they had in the subject property.  (Id. ¶ 15.)  Defendant SCBT then initiated foreclosure proceedings on the Unahala Road Property.  (Id. ¶ 31.)   Defendants did not compensate Plaintiffs for their efforts in developing and improving the Unahala Road Property.  (Id. ¶¶ 18, 29.)

    Plaintiffs then brought this action for negligent nondisclosure, fraud, civil conspiracy, unfair and deceptive trade practices, unjust enrichment, breach of the covenant of good faith and fair dealing, and offset against Defendants.   After Defendants removed the action to this Court, Defendants moved to dismiss the

Amended Complaint on a number of grounds.  Subsequently, the District Court referred the motions to this Court.  Defendants' motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendants' motions, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of

the Federal Rules of Civil Procedure "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a

claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, 127 S. Ct.

at 1974; <u>see</u> <u>also</u> <u>Consumeraffairs.com</u>, 591 F.3d at 255. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

<u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949; <u>see</u> <u>also</u> <u>Consumeraffairs.com</u>, 591 F.3d

at 255. The mere possibility that a defendant acted unlawfully is not sufficient for

a claim to survive a motion to dismiss. <u>Consumeraffairs.com</u>, 591 F.3d at 256;

<u>Giacomelli</u>, 588 F.3d at 193. Ultimately, the well-pled factual allegations must

move a plaintiff's claim from possible to plausible. <u>Twombly</u>, 550 U.S. at 570,

127 S. Ct. at 1974; <u>Consumeraffairs.com</u>, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must

also satisfy the heightened pleading standards of Rule 9. <u>Cozzarelli v. Inspire</u>

<u>Pharmaceuticals Inc.</u>, 549 F.3d 618, 629 (4th Cir. 2008); <u>Anderson v. Sara Lee</u>

<u>Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging

fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a

person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Rule 9 applies not

only to claims asserting common law fraud, but to all claims where the allegations

have the substance of fraud.  <u>Cozzarelli</u>, 549 F.3d at 629.  A claim is subject to

dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with

Rule 9(b).  <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 783 n.5

(4th Cir. 1999).

### III.    Analysis

### A.    Diversity Jurisdiction is Proper in this Court

Previously, the Court directed the parties to show cause whether the Court

had subject matter jurisdiction over this dispute. (Order, Mar. 4, 2014.)  Of

particular concern to the Court were the allegations regarding the residency of

some of the Defendants.  Upon a review of the parties' responses to the Court's

Order, as well as the various documents and affidavits attached to the parties'

responses, the Court finds that subject matter jurisdiction is proper in this Court on

the basis of diversity jurisdiction.  Moreover, no Rule 11 sanctions are warranted

against any of the parties in this case as it appears that each party had a good faith

basis for the factual allegations regarding residency and citizenship set forth in

their pleadings.

**B.    The Motion to Dismiss of Defendant SCBT**

       1. <u>Civil Conspiracy and Offset</u>

Defendant SCBT moves to dismiss Plaintiffs claim for offset on the ground

that in North Carolina offset is an affirmative defense and not a cause of action.

Defendant SCBT moves to dismiss the civil conspiracy claim on the ground that

Plaintiffs failed to allege any agreement between Defendant SCBT and any other

entity to commit an unlawful act, as required do assert a claim for civil conspiracy

in North Carolina.  <u>See</u>  <u>Strickland v. Hedrick</u>, 669 S.E.2d 61, 72 (N.C. Ct. App.

2008) (setting forth elements of civil conspiracy claim); <u>Privette v. Univ. of N.C. at</u>

<u>Chapel Hill</u>, 385 S.E.2d 185, 193 (N.C. Ct. App. 1989) (same).   Plaintiffs failed to

respond to either of these legal arguments in their response to the Motion to

Dismiss.  As such, the Court deems Plaintiffs to have waived any opposition to the

dismissal of these two claims.  <u>See</u> <u>J.P. Dickey Real Estate Family Ltd. P'ship v.</u>

<u>Northrup Grumman Guidance & Electronics Co., Inc.</u>, No. 2:11cv37, 2012 WL

925015, at *3 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.) (unpublished); <u>see</u> <u>also</u>,

<u>Brand v. N.C. Dep't of Crime Control and Pub. Safety,</u> 352 F.Supp.2d 606, 618

(M.D.N.C.2004) (finding that by failing to respond to motion for summary

judgment on hostile work environment claim, plaintiff conceded that the hostile

work environment claim failed to state a claim); <u>Straszheim v. Gerdau Ameristeel</u>

U.S., Inc., No. 3:08cv602, 2010 WL 883665, at *3 (W.D.N.C. Mar.5, 2010)

(Conrad, C.J.); Jimoh v. Charlotte–Mecklenburg Hous. P'ship, Inc., 2010 WL

1924480, at *3 (W.D.N.C. May 12, 2010) (Conrad, C.J.).  The Court

**RECOMMENDS** that the District Court **DISMISS** the civil conspiracy and offset

claims asserted against Defendant SCBT.

2.  The claims asserted by Plaintiff Diana D.

Defendant SCBT moves to dismiss all of the claims asserted by Plaintiff

Diana D. on the ground that she lacks standing to assert claims arising out of the

loans entered into with Community Bank and Trust because she executed the loan

agreements in her capacity as President of Plaintiff Mountain Land Properties, not

in her individual capacity.  (Pl's Am. Compl. ¶¶ 10, 29; Ex. A to Def. SCBT's

Motion to Dismiss.)  Thus, Defendant SCBT contends that Plaintiff Diana D. may

not seek to recover tort damages in her individual capacity arising out of the

contracts she entered on behalf of Plaintiff Mountain Land Properties; any

recovery from such torts would belong to Plaintiff Mountain Land Properties.  In

response to Defendant SCBT's motion, Plaintiff Diana D. contends that she has

standing to assert the claims in the Amended Complaint because she was a third

beneficiary to the contracts at issue.  (Pls.' Resp. to Def. SCBT's Mot. Dismiss at

p. 10-11.)

In order to state a claim in North Carolina as a third party beneficiary to a contract, the complaint must allege: "(1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." United Leasing Corp. v. Miller, 263 S.E.2d 313, 317 (N.C. Ct. App. 1980); see also Hardin v. York Mem'l Park, 730 S.E.2d 768, 775 (N.C. Ct. App. 2012). An individual is a direct beneficiary of a contract where the parties to the contract intended to confer on the individual a legally enforceable benefit. Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 13 (N.C. Ct. App. 2009). "It is not enough that the contract, in fact, benefits the third party, if, when the contract was made, the contracting parties did not intend it to benefit the third party directly." Id. (citations and quotations omitted).

Here, the Amended Complaint fails to contain any factual allegations that the parties entered into the contract or contracts at issue for the direct benefit of Plaintiff Diana D., as required to state a claim as a third party beneficiary. See Hospira, 671 S.E.2d at 13. The fact that an agreement between Defendants and Plaintiff Mountain Land Properties might have had an incidental benefit to Plaintiff Diana D. as the president and/or owner of Plaintiff Mountain Land Properties is irrelevant; Plaintiffs must allege facts suggesting that at the time Defendants and

Plaintiff Mountain Land Properties entered into the agreement, they intended

Plaintiff Diana D. to be a direct beneficiary of their agreement.  See id.  Because

the Amended Complaint is devoid of any allegations supporting Plaintiffs

contention that Plaintiff Diana D. was a third party beneficiary of the loan

agreements, she may not assert claims that arise out of the loan agreements; such

claims are subject to dismissal.

Finally, Plaintiffs contend that Diana D. may assert a claim for unjust

enrichment in her individual capacity because it is not dependent on the existence

of a contract between the parties.   As the North Carolina Court of Appeals has

explained:

> "The doctrine of unjust enrichment was devised by equity to exact the
> return of, or payment for, benefits received under circumstances
> where it would be unfair for the recipient to retain them without the
> contributor being repaid or compensated. More must be shown than
> that one party voluntarily benefited another or his property." Collins
> v. Davis, 68 N.C.App. 588, 591, 315 S.E.2d 759, 761 (1984). "In
> order to properly set out a claim for unjust enrichment, a plaintiff
> must allege that property or benefits were conferred on a defendant
> under circumstances which give rise to a legal or equitable obligation
> on the part of the defendant to account for the benefits received."
> Norman v. Nash Johnson & Sons' Farms, Inc., 140 N.C.App. 390,
> 417, 537 S.E.2d 248, 266 (2000). "Not every enrichment of one by the
> voluntary act of another is unjust. 'Where a person has officiously
> conferred a benefit upon another, the other is enriched but is not
> considered to be unjustly enriched. The recipient of a benefit
> voluntarily bestowed without solicitation or inducement is not liable
> for their value.' " Wright v. Wright, 305 N.C. 345, 350, 289 S.E.2d
> 347, 351 (1982) (emphasis added) (quoting Rhyne v. Sheppard, 224

N.C. 734, 737, 32 S.E.2d 316, 318 (1944)).

JPMorgan Chase Bank, Nat'l Ass'n v. Browning, 750 S.E.2d 555, 559-60 (N.C. Ct. App. 2013).  Such a claim is not based on tort or contract law; rather, the claim is quasi contractual.  Hinson v. United Fin. Servs., Inc., 473 S.E.2d 382, 386 (N.C. Ct. App. 1996).  Because Plaintiff Diana D.'s unjust enrichment claim is not dependent upon the existence of a contract between the parties, the fact that she signed the loan agreements at issue in her capacity as President of Plaintiff Mountain Land Properties, does not deprive her of standing to assert an unjust enrichment claim in her individual capacity.[1]  The Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted by Plaintiff Diana D. against Defendant SCBT except for the unjust enrichment claim.[2]

### 3.  Statute of limitations

Defendant SCBT moves to dismiss all of the claims asserted against it on the basis of the statute of limitations.  Specifically, Defendant SCBT contends that all of the claims are barred by the three year statute of limitations because they arise out of the 2005 loan agreement entered into by the parties.  Defendant SCBT, however, presents the Court with little more than a cursory legal analysis in its

---

[1] The Court notes that Defendant SCBT failed to address Plaintiffs' argument as to the unjust enrichment claim in its Reply brief.

[2] Defendant SCBT also contends that Plaintiffs lack standing to assert any of the claims in the Amended Complaint because Plaintiffs failed to allege that they suffered an injury.  Such argument lacks merit as the Plaintiffs' Amended Complaint plainly alleges that Plaintiffs suffered an injury as a result of the alleged actions of Defendants, including Defendant SCBT.

brief, fails to apply the proper statute of limitation period to each claim, and fails to

properly consider when each of the claims accrued.  Although the Court would

ordinarily deny the Motion to Dismiss as a result of counsel's failure to adequately

brief the pertinent legal issues, the Court will address each of the applicable statute

of limitations periods for the benefit of the District Court.[3]

a.  Fraud and fraud in the inducement

Plaintiffs' fraud claims are subject to a three year statute of limitations.  N.C.

Gen. Stat. § 1-52(9); <u>see</u> <u>also</u> <u>Carlisle v. Keith</u>, 614 S.E.2d 542, 548 (N.C. Ct. App.

2005).  The three year limitations period accrues and beings to run from "the

discovery by the aggrieved party of the facts constituting the fraud or mistake."

N.C. Gen. Stat. § 1-52(9); <u>see</u> <u>also</u> <u>Spears v. Moore</u>, 551 S.E.2d 483, 485 (N.C. Ct.

App. 2001).  "The Supreme Court of [North Carolina] has held in numerous cases

that in an action grounded on fraud, the statute of limitations begins to run from the

discovery of the fraud or from the time it should have been discovered in the

exercise of reasonable diligence."  <u>Calhou v. Calhoun</u>, 197 S.E.2d 83, 85 (N.C. Ct.

App. 1973); <u>see</u> <u>also</u> <u>Carlisle</u>, 614 S.E.2d at 548; <u>Hunter v. Guardian Life Ins. Co.

of Am.</u>, 593 S.E.2d 595, 601 (N.C. Ct. App. 2004).  Ordinarily, the issue of

whether a plaintiff exercised due diligence is an issue of fact for the jury to resolve

---

3  Counsel for Defendant SCBT is warned that going forward the Court will strike from the record any such briefs
submitted to this Court.

based on the evidence in the record. <u>Spears</u>, 551 S.E.2d at 485. "Failure to

exercise due diligence may be determined as a matter of law, however, where it is

clear that there was both capacity and opportunity to discovery the mistake." <u>Id.</u>

(internal quotations and citation omitted).

Here, the Court cannot say as a matter of law based on the factual allegations

in the Amended Complaint that Plaintiffs should have discovered the alleged fraud

through the exercise of due diligence more than three years prior to Plaintiff

bringing this action. Such a determination is more appropriate for the summary

judgment stage. As the United States Court of Appeals for the Fourth Circuit has

explained:

> Ordinarily, a defense based on the statute of limitations must be raised
> by the defendant through an affirmative defense, <u>see</u> Fed.R.Civ.P.
> 8(c), and the burden of establishing the affirmative defense rests on
> the defendant. <u>See</u> <u>Newell v. Richards</u>, 323 Md. 717, 594 A.2d 1152,
> 1156 (1991); <u>accord</u> <u>Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur.</u>
> <u>Co.</u>, 427 F.2d 862, 870 (4th Cir.1970). It follows, therefore, that a
> motion to dismiss filed under Federal Rule of Procedure 12(b)(6),
> which tests the sufficiency of the complaint, generally cannot reach
> the merits of an affirmative defense, such as the defense that the
> plaintiff's claim is time-barred. But in the relatively rare circumstances
> where facts sufficient to rule on an affirmative defense are alleged in
> the complaint, the defense may be reached by a motion to dismiss
> filed under Rule 12(b)(6). This principle only applies, however, if all
> facts necessary to the affirmative defense "clearly appear[ ] *on the*
> *face of the complaint.*" <u>Richmond, Fredericksburg & Potomac R.R. v.</u>
> <u>Forst</u>, 4 F.3d 244, 250 (4th Cir.1993) (emphasis added); <u>accord Desser</u>
> <u>v. Woods</u>, 266 Md. 696, 296 A.2d 586, 591 (1972).

Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4thCir. 2007) (applying Maryland law).

Moreover, the cases relied upon by Defendant SCBT do not dictate a different result. Both Rutledge v. Boston Vowen Hose and Rubber Co., 576 F.2d 248 (9th Cir. 1978), and Hinton v. Pacific Enters., 5 F.3d 391 (9th Cir. 1993), are cases from the United States Court of Appeals for the Ninth Circuit, and neither case addresses North Carolina law. In addition, Rutledge and Hinton both address the issue of tolling an expired statute of limitation, not the accrual date of a fraud action. Accordingly, neither Rutledge nor Hinton has any bearing on this case. The Court **RECOMMENDS** That the District Court **DENY** Defendant SCBT's Motion to Dismiss the fraud claim on statute of limitations grounds.

b. Negligence

A claim for negligence in North Carolina is barred by the statute of limitations unless brought within three years of the date the claim accrues. N.C. Gen. Stat. § 1-52; Birtha v. Stonemor, N.C., LLC, 727 S.E.2d 1, 7 (N.C. Ct. App. 2012); see also Salmony v. Bank of Am. Corp., 748 S.E.2d 776, 2013 WL 3770688, at *6 (N.C. Ct. App. Jul. 16, 2013) (unpublished). A negligence claim accrues when the wrong giving rise to the claim is complete, despite the fact that the plaintiff may not discover the actual injury until later. Birtha, 727 S.E.2d at 7.

To the extent that Plaintiffs allege that Defendant SCBT was negligent in failing to disclose that the certificate of deposit was not placed as collateral for the loan in 2005, such a claim would be barred by the statute of limitations. Moreover, the continuing wrong doctrine would not save such a claim because the Amended Complaint does not sufficiently allege a continually recurring violation by Defendant SCBT. See generally, id. (discussing the continuing wrong doctrine). Accordingly, Plaintiffs are limited to negligence claims stemming from a failure to disclose that the certificate of deposit was not placed as collateral for a loan, to loans entered into less than three years prior to the filing of this action. Similarly, to the extent Plaintiffs allege that Defendant SCBT failed to disclose to Plaintiffs that the certificate of deposit was depleted, and the certificate of deposit was depleted more than three years prior to Plaintiffs bringing this action, such claims would be barred by the applicable statute of limitations. The Court **RECOMMENDS** that the Court **GRANT in part** and **DENY in part** the Motion to Dismiss the negligence claims on statute of limitations grounds.

### c. Unfair and deceptive trade practices

A claim for unfair and deceptive trade practices must be brought within four years of the accrual of the cause of action. N.C. Gen. Stat. § 75-16.2; Trantham v.

Michael L. Martin, Inc., 745 S.E.2d 327, 334 (N.C. Ct. App. 2013); Ussery v. Branch Banking and Trust Co., 743 S.E.2d 650, 654 (N.C. Ct. App. 2013). "When an action for unfair and deceptive trade practices is based on fraud, the action accrues at the time the fraud is discovered or should have been discovered with the exercise of reasonable diligence." Trantham, 745 S.E.2d at 334 (internal quotations and citation omitted); see also Nash v. Motorola Commc'n & Elecs., Inc., 385 S.E.2d 537, 538 (N.C. Ct. App. 1989); Carter v. Bank of Am., N.A., No. 1:11CV326-GCM, 2014 WL 70072, at *5 (W.D.N.C. Jan. 9, 2014) (Mullen, J.) (affirming memorandum and recommendation). For the same reasons that dismissal of the fraud claims on statute of limitations grounds is not proper at this time, the unfair and deceptive trade practices act claims are not subject to dismissal at this time. The Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the unfair and deceptive trade practices act claims on statute of limitations grounds.

### d. Unjust enrichment

A claim for unjust enrichment is subject to a three year statute of limitations period. Stratton v. Royal Bank of Canada, 712 S.E.2d 221, 229 (N.C. Ct. App. 2011.); Housecalls Home Health Care, Inc. v. State, Dept. of Health & Human Servs., 682 S.E.2d 741, 744 (N.C. Ct. App. 2009). The three year period runs from

the date the claim accrues.  <u>Miller v. Randolph</u>, 478 S.E.2d 668, 670 (N.C. Ct. App. 1996).  Generally, a cause of action accrues when the wrong is complete and, thus, a plaintiff is entitled to assert the claim in court.  <u>Housecalls Home Health Care</u>, 682 S.E.2d at 744; <u>Ruff v. Reeves Bros., Inc.</u>, 468 S.E.2d 592, 596 (N.C. Ct. App. 1996).

Plaintiffs allege that they conferred a benefit on Defendant SCBT by continuously improving the property at issue up until August 2010.  (Pls.' Am. Compl. ¶ 27.)  In addition, Plaintiffs allege that Defendant SCBT consciously accepted the benefit of Plaintiffs' work by foreclosing on and acquiring the property.  (Pls.' Am. Compl. ¶ 29.)  The face of the Amended Complaint, however, does not indicate as a matter of law that the Defendant SCBT acquired the property more than three years prior to Plaintiffs bringing this action.  Thus, Plaintiffs unjust enrichment claims are not subject to dismissal on statute of limitations grounds.  The Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the unjust enrichment claims on statute of limitations grounds.

### e.  Breach of the convent of good faith and fair dealing

A claim for breach of contract or any claim arising from a contractual breach is subject to a three year statute of limitations period.  N.C. Gen. Stat. § 1-52(1).  A

breach of contract claim accrues upon the date of the breach, regardless of whether the injured party has knowledge that the breach has occurred. Housecalls Home Health Care, 682 S.E.2d at 744; Pharmaresearch Corp. v. Mash, 594 S.E.2d 148, 152 (N.C. Ct. App. 2004); Miller, 478 S.E.2d at 670.

Plaintiffs allege that Defendant SCBT breached the covenant of good faith and fair dealing by failing to disclose to Plaintiff that the certificate of deposit provided as collateral for the loan was released, diluted or replaced. (Pls.' Am. Compl. ¶¶ 12, 30.) Thus, Plaintiffs claim accrued, and the statute of limitations, began running on the date that Defendants released, diluted, or replaced the certificate of deposit. The date that Plaintiffs entered into the loan agreements is irrelevant for purposes of determining the statute of limitations, as it is the date of the alleged breach that determines the accrual date of Plaintiffs' claim. The Amended Complaint and the record before the Court, however, fail to demonstrate as a matter of law that the alleged breach occurred more than three years before Plaintiffs brought this suit. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the breach of the covenant of good faith and fair dealing claim on statute of limitations grounds.

### 4. The fraud claims

Court Two of the Amended Complaint asserts a claim for fraud and fraud in

the inducement.  (Pls.' Am. Compl. ¶¶ 21-22.)  Defendant SCBT contends that

Plaintiffs have failed to plead fraud with particularity as required by Rule 9 of the

Federal Rules of Civil Procedure.

In order to assert either a claim of general fraud or a fraud in the inducement

in North Carolina, a plaintiff must allege facts supporting each element of a fraud

claim, including: (1) the false representation or concealment of a material fact; (2)

that is reasonably calculated to deceive; (3) made with the intent deceive plaintiff;

(4) that does in fact deceive plaintiff; and (5) results in damage to plaintiff.

Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974) (setting forth the elements

of a general fraud claim); TradeWinds Airlines, Inc. v. C-S Aviation Servs., 733

S.E.2d 162, 168 (N.C. Ct. App. 2012) (setting forth the elements of a fraud in the

inducement claim); Whisnant v. Carolina Farm Credit, 693 S.E.2d 149, 157 (N.C.

Ct. App. 2010) (setting forth the elements of a fraud in the inducement claim).  The

elements of a constructive fraud claim include: "'(1) a relationship of trust and

confidence, (2) that the defendant took advantage of that position of trust in order

to benefit himself, and (3) that plaintiff was, as a result, injured.'"  Trantham v.

Michael L. Martin, Inc., 745 S.E.2d 327, 332 (N.C. Ct. App. 2013) (quoting White

v. Consol. Planning, Inc., 603 S.E.2d 147, 156 (N.C. Ct. App. 2004)).

In addition to alleging factual allegations supporting each element of a fraud

claim, a party must also plead the circumstances of fraud with particularity. Fed. R. Civ. P. 9(b). As the Fourth Circuit has explained:

> We have elaborated that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir.1999) (<u>quoting</u> 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed.1990)). The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation. <u>Id.</u>; <u>see also</u> <u>U.S. ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.</u>, 707 F.3d 451, 455–56 (4th Cir. 2013).

<u>McCauley v. Home Loan Inv. Bank, F.S.B.</u>, 710 F.3d 551, 559 (4th Cir. 2013); <u>see also</u> <u>Ross v. Gordon & Weinberg, P.C.</u>, No. 3:09cv482, 2011 WL 3841549, at *4 (W.D.N.C. Aug. 30, 2011) (Cogburn, J.).

The Court finds that Plaintiffs have failed to plead the circumstances of fraud with particularly. In fact, after an exhaustive review of the Amended Complaint and Plaintiffs' Response to the Motion to Dismiss, it is still not even clear to the Court what type of fraud claim Plaintiffs intend to assert, and the Amended Complaint fails to put Defendant SCBT on notice of the specific fraud claim asserted against it. <u>See</u> <u>McCauley</u>, 710 F.3d at 559. The Amended Complaint contains only one claim of fraud, yet it is not clear whether Plaintiffs

intend to assert a fraud claim based on affirmative misrepresentations of Defendants or their agents related to the certificate of deposit, a fraud in the inducement claim based on either misrepresentations or omissions related to the 2005 loan agreement, similar claims related to the various unspecified, subsequent loan agreements, or a constructive fraud claim premised on a relationship of trust and confidence between Plaintiffs and an agent of Defendant SCBT. The two paragraphs of the Amended Complaint dedicated to the fraud claim do little to bring any clarity to the claim. (Pls.' Am. Compl. ¶¶ 21-22.)

Moreover, to the extent that Plaintiffs intended to assert a fraud claim based on affirmative misrepresentations, such a claim fails to sufficiently set forth the circumstances of the false representation with the particularity required by Rule 9(b). See McCauley, 710 F.3d at 559. Similarly, any fraud claim asserted against Defendant SCBT based on the concealment of a material fact also lacks the requisite particularity to satisfy Rule 9. Finally, Plaintiffs fail to sufficiently plead a claim of constructive fraud as the Amended Complaint fails to set forth sufficient facts demonstrating the requisite relationship of trust and confidence between Defendant SCBT and Plaintiffs and that Defendant SCBT took advantage of this position of trust in order to benefit itself. See Trantham, 745 S.E.2d at 332. Although the Amended Complaint contains generic allegations that Plaintiffs

placed trust and reliance on the *representations* made by "Defendants" (Pls.' Am. Compl. ¶¶ 21-22), the Amended Complaint fails to set forth facts demonstrating a relationship of trust and confidence between Plaintiffs and Defendant SCBT. Thus, any such claim would be subject to dismissal pursuant to Rule 12(b)(6). In short, the nebulous fraud claim asserted in the Amended Complaint fails to satisfy the pertinent pleading requirements and is subject to dismissal. The Court, therefore, **RECOMMENDS** the District Court **DISMISS** the fraud claims asserted against Defendant SCBT.

### 5. Unfair and deceptive trade practices act

In order to make out a *prima facie* claim for unfair and deceptive trade practices, Plaintiffs must show that: (1) Defendant SCBT committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiffs' injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160, 167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" Thompson, 418 S.E.2d at 699 (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610, 621 (N.C. 1980)); Sessler, 551 S.E.2d at 167. A practice is deceptive

where it has the tendency or capacity to deceive.  <u>Thompson</u>, 418 S.E.2d at 699;

<u>Sessler</u>, 551 S.E.2d at 167.  "In making a claim of unfair and deceptive trade

practices on a theory of misrepresentation or fraud, a plaintiff must show that a

defendant's words or conduct possessed 'the tendency or capacity to mislead' or

create the likelihood of deception.'" <u>Hospira</u>, 671 S.E.2d at 12 (<u>quoting</u> <u>Marshall v.

Miller</u>, 276 S.E.2d 397, 403 (1981)).  Moreover, a plaintiff does not have to show

actual deception to prevail, he or she need only demonstrate that the acts of

defendant "possessed the tendency or capacity to mislead or create the likelihood

of deception."  <u>RD & J Props. v. Lauralea-Dilton Enters., LLC</u>, 600 S.E.2d 492,

500-501 (N.C. Ct. App. 2004).

The Amended Complaint contains little more than a simple recitation of the

elements of a claim for unfair and deceptive trade practices, as well as conclusory

allegations of unfair and deceptive conduct.  (<u>See</u> Pls.' Am. Compl. ¶¶ 24-26.)   In

fact, it is entirely unclear from the Amended Complaint precisely what specific act

or practice Plaintiffs base their claim upon because the Amended Complaint

contains only conclusory allegations of misconduct.[4]  (<u>Id.</u> ¶ 25.)  Aside from

failing to allege what specific act or practice forms the basis of Plaintiffs' claim,

the Amended Complaint fails to allege that the unfair and deceptive practice was in

---

4   Plaintiffs do little to clarify the nature of their claim in their Response to the Motion to Dismiss and generally fail
to address the specific arguments raised by Defendant SCBT in the Motion to Dismiss.

or affecting commerce.  Instead, the Amended Complaint alleges merely that Defendants and Plaintiffs were generally participating in the stream of commerce in North Carolina during 2004 and 2005.  (Id. ¶ 24.)  Finally, to the extent that Plaintiffs intended to base their unfair and deceptive trade practices claim on the acts of fraud, such claims fail for the reasons that the fraud claims fail.

Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the unfair and deceptive trade practices claims asserted against Defendant SCBT.

### 6. Unjust enrichment

Plaintiffs assert an unjust enrichment claim in Count Five.  In order to state a claim for unjust enrichment, a plaintiff must allege facts demonstrating: (1) a measurable benefit conferred on defendant; (2) that the defendant consciously accepted; and (3) the benefit was not conferred on the defendant officiously or gratuitously.  Lake Toxaway Cmty. Ass'n, Inc. v. RYF Enters., LLC, 742 S.E.2d 555, 561 (N.C. Ct. App. 2013); JPMorgan Chase Bank, Nat'l Ass'n v. Browning, 750 S.E.2d 555, 559 (N.C. Ct. App. 2013); Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co., 712 S.E.2d 670, 677 (2011).   A benefit is conferred officiously where it is conferred by interference in the affairs of the defendant in a manner that is unjustified under the circumstances.  Browning, 750 S.E.2d at 559.

> The doctrine of unjust enrichment was devised by equity to exact the return of or payment for, benefit received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. More must be shown than that one party voluntarily benefited another or his property.

Id. at 560 (internal quotations and citation omitted).

Defendant SCBT moves to dismiss the unjust enrichment claims on the ground that Plaintiffs failed to allege that Plaintiffs conferred a benefit upon Defendant SCBT. The Amended Complaint, however, plainly alleges each of the requisite elements of an unjust enrichment claim. Plaintiffs allege that they undertook efforts to improve the land, which conferred a measureable benefit on Defendant SCBT, that SCBT accepted the benefit, and that Plaintiffs did not confer this benefit officiously or gratuitously. (Pls.' Am. Compl. ¶¶ 27-29.) Accordingly, Defendant SCBT's contention that Plaintiffs failed to plead that they conferred a benefit on it is without merit. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count Five.[5]

_____

5  The Court notes that an express contract between the parties precludes a finding of unjust enrichment. Southeastern Shelter corp. v. BTU, Inc., 572 S.E.2d 200, 206 (N.C. Ct. App. 2002); Madison River Mgmt. Co v. Business Mgmt. Software Corp., 351 F. Supp. 2d 436, 446 (M.D.N.C 2005); see also Flexible Foam Prods., Inc. v. Vitafoam Inc., Case No. 1:12-CV-105-MR-DLH, 2013 WL 5837572 (W.D.N.C. Oct. 30, 2013) (Reidinger, J.) (unpublished); Yancey v. Remington Arms Co., LLC, Nos. 1:12CV477, 1:12CV437, 1:10CV918, 2013 WL 5462205 (M.D.N.C. Sept. 30, 2013) (unpublished); McManus v. CMRI, Inc., Civil Action No. 3:12-CV-009-DCK, 2012 WL 2577420 (W.D.N.C. Jul. 3, 2012) (Keesler, Mag. J.) (unpublished). Defendant SCBT, however, did not move to dismiss the unjust enrichment claim brought by Plaintiff Mountain Land Properties on the ground that the various loan agreements preclude a finding of unjust enrichment. The Court, therefore, need not address whether such agreements preclude Plaintiff Mountain Land Properties claim for unjust enrichment.

### 7. The FDIC Acquisition

Finally, Defendant SCBT moves to dismiss all the claims as the result of the acquisition of the Community Bank and Trust by the Federal Deposit Insurance Corporation. Defendant SCBT, however, fails to cite any authority in support of this legal contention. As the Court has repeatedly stressed in this Memorandum and Recommendation, briefs such the ones submitted by counsel in this matter are not acceptable in federal court and do little other than delay the proceedings and waste the time and resources of this Court. As a result of Defendant SCBT's complete failure to provide the Court with a single citation to any legal authority supporting its legal contention that the Court should dismiss all the claims based on the acquisition of Community Bank and Trust by the Federal Deposit Insurance Corporation, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss on this ground.

### C. The Motion to Dismiss of Defendant Fred Lovell

#### 1. The claims asserted by Plaintiff Diana D.

For the reasons discussed in Section III.B.2, the Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted by Plaintiff Diana D. against Defendant Lovell except for the unjust enrichment claim asserted in Count Five.

## 2. The fraud claims asserted against Defendant Lovell

Just as the fraud claims asserted against Defendant SCBT are subject to dismissal, the fraud claims asserted against Defendant Lovell are also subject to dismissal. Aside from failing to plead the fraud claim with the required particularity, the Amended Complaint is devoid of factual allegations that Defendant Lovell and Plaintiffs had a relationship of trust and confidence. Moreover, the Amended Complaint fails to allege that Defendant Lovell took advantage of this relationship of trust and confidence to benefit himself by remaining silent as to the status of the certificate of deposit. For these reasons, and the reasons discussed in Section III.B.4, the Court **RECOMMENDS** that the District Court **DISMISS** the fraud claims asserted against Defendant Lovell.

## 3. Unjust enrichment

Count Five asserts a claim for unjust enrichment. Unlike the allegations as to Defendant SCBT, the Amended Complaint fails to state an unjust enrichment claim against Defendant Lovell because the Amended Complaint fails to allege that Defendant Lovell consciously accepted the benefits of Plaintiffs' work to improve the property, as required to state a claim for unjust enrichment in North Carolina. See Lake Toxaway, 742 S.E.2d at 561. Rather, the Amended Complaint only alleges that Defendant SCBT consciously accepted the benefits of the

improvements by foreclosing on the property. (Pls.' Am. Compl. ¶ 29.) Moreover, it is unclear how Defendant Lovell could have accepted a measurable benefit where the Amended Complaint alleges that Defendant Lovell has no interest in the property. (Pls.' Am. Compl. ¶ 15.) Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the unjust enrichment claim asserted against Defendant Lovell.

### 4. Breach of the covenant of good faith and fair dealing

Count Six asserts a claim for breach of the covenant of good faith and fair dealing. (Pls.' Am. Compl. ¶ 30.) Defendant Lovell moves to dismiss this claim on the grounds that the Amended Complaint fails to allege a breach of contract and fails to allege any special relationship between Plaintiffs and Defendant Lovell. Plaintiffs failed to respond to Defendant Lovell's legal argument. Accordingly, the Court deems Plaintiffs to concede the merits of Defendant Lovell's legal contention and consent to the dismissal of the claim asserted against Defendant Lovell. See J.P. Dickey Real Estate, 2012 WL 925015, at *3. The Court **RECOMMENDS** that the District Court **DISMISS** the breach of the covenant of good faith and fair dealing claim asserted against Defendant Lovell.

### 5. Negligent nondisclosure

Count One asserts a claim for negligent nondisclosure. Defendant Lovell

moved to dismiss this claim on the ground that North Carolina courts have only allowed such a claim in the context of the creditor/guarantor relationship. Plaintiffs failed to respond to Defendant Lovell's legal argument. Accordingly, the Court deems Plaintiffs to concede the merits of Defendant Lovell's legal contention and consent to the dismissal of the claim asserted against Defendant Lovell. See J.P. Dickey Real Estate, 2012 WL 925015, at *3. Moreover, the Amended Complaint fails to allege sufficient factual allegations demonstrating that Defendant Lovell owed Plaintiffs a legal duty to disclose the information regarding the certificate of deposit. See generally Oberlin Capital, L.P. v. Slavin, 554 S.E.2d 840, 846 (N.C. Ct. App. 2001). Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the negligent nondisclosure claim asserted against Defendant Lovell.

6. Unfair and deceptive trade practices

Plaintiff has failed to sufficiently plead a claim for unfair and deceptive trade practices against Defendant Lovell. As Defendant Lovell points out in the Motion to Dismiss, the Amended Complaint fails to allege that Defendant Lovell committed an unlawful act that was in or affecting commerce. For this reason, and the reasons discussed in Section III.B.5, the Court **RECOMMENDS** that the District Court **DISMISS** the unfair and deceptive trade practices act claim

against Defendant Lovell.

<u>7.  The civil conspiracy claim against Defendant Lovell</u>

Count Three of the Amended Complaint asserts a claim for civil conspiracy. (Pls.' Am. Compl. ¶ 23.)  As this Court recently explained in <u>Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's Ass'n, Inc.</u>, 2012 WL 4321324, at *5 (W.D.N.C. Jun. 18, 2012) (Howell, Mag. J.) (unpublished):

> In order to state a claim for conspiracy to commit fraud, Plaintiffs must allege facts supporting each element of a civil conspiracy claim, which includes: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." <u>In re Fifth Third Bank</u>, 719 S.E.2d 171, 181 (N.C. Ct. App. 2011) (internal citation and quotations omitted); <u>Piraino Bros., LLC v. Atlantic Fin. Grp., Inc.</u>, 712 S.E.2d 328, 333 (N.C. Ct. App. 2011); <u>Mace v. Pyatt</u>, 691 S.E.2d 81, 87 (N.C. Ct. App. 2010). In North Carolina, civil conspiracy is not a separate civil action but is premised on the underlying act. <u>Piraino Bros.</u>, 712 S.E.2d at 333; <u>Strickland v. Hedrick</u>, 669 S.E.2d 61, 73 (N.C. Ct. App. 2008).

The sole factual allegation contained in Count Three is paragraph twenty-three, which alleges "[t]hat the above-mentioned actions of the Defendants, being inherently fraudulent in nature, were in fact part of a conspiracy on behalf of all Defendants designed to lure and entice Plaintiffs into a business venture with the intent to unlawfully exploit and/or harm Plaintiffs, which has ultimately damaged

the Plaintiffs in an amount to be determined at trial." (Pls.' Am. Compl. ¶ 23.) Because the underlying unlawful act alleged in Count Three is fraud (id.), and because the Court finds that the fraud claim claims against Defendant Lovell are subject to dismissal, the civil conspiracy claim is also subject to dismissal. See Piraino Bros., 712 S.E.2d at 333. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the conspiracy claim against Defendant Lovell.

### D. The Motion to Dismiss of Defendant Lynn Hickox

For the reasons discussed in addressing the Motions to Dismiss asserted by Defendant SCBT and Defendant Lovell, the Court **RECOMMENDS** that the Court **DISMISS** all the claims asserted against Defendant Lynn Hickox.

### E. The Motion to Dismiss of Defendant Rodney Hickox

For the reasons discussed in addressing the Motions to Dismiss asserted by Defendant SCBT and Defendant Lovell, the Court **RECOMMENDS** that the Court **DISMISS** all the claims asserted against Defendant Rodney Hickox.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss filed by Defendant Lynn Hickox [#26], Defendant Rodney Hickox [# 27], and Defendant Fred Lovell [# 28] and **DISMISS** all the claims asserted against these three Defendants. The Court **RECOMMENDS** that the District Court

**GRANT in part** and **deny in part** the Motion to Dismiss filed by Defendant

SCBT [# 25].  The Court **RECOMMENDS** that the District Court **DISMISS** all

the claims asserted against Defendant SCBT in the Amended Complaint other than

Plaintiff Diana D.'s unjust enrichment claim and Plaintiff Mountain Land

Properties' unjust enrichment claim, breach of the covenant of good faith and fair

dealing claim, and the negligent nondisclosure claim to the extent such claims are

not otherwise precluded by the statute of limitations as set forth in Section

III.B.3.b.

Signed: April 17, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).