# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-CV-84-MR-DLH

| | |
|---|---|
| MOUNTAIN LAND PROPERTIES, INC., and DIANA D., ) ) ) Plaintiffs, ) ) vs. ) ) FRED LOVELL, RODNEY HICKOX, ) LYNN A. HICKOX, and, SCBT, N.A. d/b/a ) CBT, a division of SCBT, N.A., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss [Docs. 25, 26, 27, and 28]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 44]; and Plaintiffs' Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 45].

## FACTUAL AND PROCEDURAL BACKGROUND

The dispute underlying this action surrounds Plaintiffs asserted involvement in the improvement of a parcel of real property in Swain County, North Carolina, known as the Unahala Road Property. [Doc. 23 at 2]. The Plaintiffs allege that in late 2004 or early 2005, they contemplated

forming a joint venture with Defendants Fred Lovell and Rodney Hickox. [Id.]. The Plaintiffs claim the purpose of such venture was to develop for sale the Unahala Road Property whereby Defendants Lovell and Rodney Hickox would furnish the capital for the project and the Plaintiffs would provide the labor. [Id.]. Because Rodney Hickox was an officer of Community Bank and Trust[1] which would be providing the financing for the project, Plaintiffs assert that "no loans could be procured in Mr. Hickox's personal name for the purpose of financing the development venture, but that he would instead utilize the participation of his wife, Lynn A. Hickox, in order to procure the loan." [Id.]. Further, according to Plaintiffs, Defendants Lovell, Rodney Hickox, and Lynn Hickox were to pledge as collateral a certificate of deposit in the amount of $1,000,000 to cover the loan in the event of default. [Id. at 3]. Plaintiff Mountain Land Properties, Inc., acting through its president Diana D.,[2] became a signatory to the loan and security documents for the Unahala Road Property.[3] [Doc. 25-4].

---

[1] Defendant SCBT, as alleged by Plaintiffs, is the successor by merger to Community Bank and Trust. [Doc. 23 at 4].

[2] Diana D. is not a pseudonym for the purposes of this litigation. Diana D. is the natural Plaintiff's full name due to a prior name change proceeding. [Doc. 25-1 at 2 n.1].

[3] Plaintiffs do not explain the factual inconsistency between the allegations in the Amended Complaint that Defendants Lovell and Lynn Hickox were to provide the capital for the project, not the Plaintiffs [Doc. 23 at 2], and the loan documents themselves evidencing that Plaintiff Mountain Land Properties, Inc. executed the promissory note and deed of trust together with Defendants Lovell and Lynn Hickox. [Docs. 25-2; 25-3].

2

Plaintiff Diana D., in her individual capacity, however, does not allege that she became a member of the joint venture, and she was not a signatory to the loan and security documents for the Unahala Road Property. [Id.].

Financing for the Unahala Road Property project was secured from Community Bank and Trust. [Docs. 25-2; 25-3]. Ultimately, the Unahala Road Property loan went into default and Defendant SCBT, as the holder of the note, threatened legal action against Plaintiffs. [Doc. 23 at 5]. Plaintiffs claim, however, that Defendant SCBT had "allowed Defendants Rodney Hickox and/or Fred Lovell to withdraw, transfer or otherwise diminish funds from the original, one million dollar certificate of deposit which was in place to secure the loan transaction execution in connection with the partnership's acquisition of the Unahala Road Property. Moreover, at no time did any of the Defendants ever inform the Plaintiffs of the fact that these activities had occurred." [Id.]. Plaintiffs thereafter commenced this action.

Plaintiffs' Amended Complaint asserts the following claims: (1) negligent nondisclosure; (2) fraud and fraudulent inducement; (3) civil conspiracy; (4) unfair and deceptive trade practices; (5) unjust enrichment; (6) breach of covenant of good faith and fair dealing; and (7) offset. [Id. at

5-9]. Each Defendant filed a motion to dismiss the Plaintiffs' claims. [Docs. 25, 26, 27, and 28].

Pursuant to 28 U.S.C. § 636(b), the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider Defendants' motions to dismiss and to submit to this Court a recommendation for the disposition of these motions. On April 17, 2014, the Magistrate Judge filed a Memorandum and Recommendation. [Doc. 44]. The M&R recommended granting the dismissal motion filed by Defendant SCBT as to all of Plaintiff Diana D.'s claims against it with the exception of her Third claim (unjust enrichment). [Id. at 12]. The M&R recommended granting in full the dismissal motions filed by Defendants Lovell, Rodney Hickox, and Lynn Hickox as to all of Plaintiff Diana D.'s claims against them. [Id. at 29, 32]. The parties were advised that any objections to the Magistrate Judge's M&R were to be filed in writing within fourteen days of service. [Id. at 34]. Plaintiffs filed their Objections [Doc. 45] and the Defendants have replied thereto [Doc. 46, 47, and 48].

On June 24, 2014, counsel for both Plaintiffs filed a motion to withdraw from representing them further. [Doc. 53]. On August 4, 2014, the Court entered an Order granting counsel's motion to withdraw and

directing Plaintiff Mountain Land Properties, Inc. to retain new counsel within ten days of the entry of said Order.

## STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

Before discussing the Magistrate Judge's M&R and Diana D.'s objections thereto, the Court must address two preliminary matters: (1) the status of Mountain Land Properties, Inc. as a party to this action and (2) the

6

matters in the M&R to which no objection was lodged by Diana D.

## 1. Preliminary Matters.

Pursuant to the Court's Order entered in this case on August 5, 2014, counsel for both Plaintiffs was permitted to withdraw. [Doc. 55]. While Plaintiff Diana D., a natural person, can continue to represent herself in this matter, Plaintiff Mountain Land Properties, Inc., an artificial person, cannot. Plaintiff Mountain Land Properties, Inc. was granted ten days from the entry of the August 5, 2014, Order to retain new counsel and to have such counsel enter an appearance on its behalf. No new counsel has appeared for Mountain Land Properties, Inc., and Diana D. has conceded that the corporation's claims should be dismissed.[4] Accordingly, all claims asserted by Plaintiff Mountain Land Properties, Inc. against all of the Defendants should be dismissed and Plaintiff Mountain Land Properties, Inc. should be terminated as a party plaintiff.

Plaintiff Diana D. has not objected to the Magistrate Judge's analysis concerning the Court's jurisdiction premised upon diversity, the Magistrate Judge's discussion of the statutes of limitations applicable to Plaintiff Diana

---

[4] Plaintiff Diana D. served a notice in response to the Court's August 5, 2014 Order stating that Mountain Land Properties, Inc. had not retained new counsel and should be dismissed. "PLANITIFF, Mountain Land Properties, Inc. submits to the Court that [it] has not found new counsel as of August 14th, 2014 … and requests the court to dismiss those issues presented to the court by Mountain Land Properties, Inc., without prejudice." [Doc. 56 at 1].

7

D.'s various claims, nor the majority of the Magistrate Judge's meticulous factual and legal recommendations. The Court, therefore, adopts without further comment all of the Magistrate Judge's recommendations not specifically identified by Plaintiff Diana D. as one of her seven "Specific Objections" to the M&R she has presented to this Court.

**2. Plaintiff Diana D.'s Specific Objections.**

Plaintiff Diana D.'s first objection is directed at the Magistrate Judge's conclusion that she lacks standing to assert any tort or contract claims arising from the lending and security contracts entered into by and among Mountain Land Properties, Inc., Fred Lovell, and Lynn Hickox on the one hand, and Community Bank and Trust on the other. [Doc. 45 at 6]. Diana D. does not dispute that, in her individual capacity, she was not a party to these contracts. Instead, she argues that she was "intended to be a direct beneficiary of the property development, as well as any agreements related thereto, and these allegations are adequately pled in the Complaint[.]" [Id.]. Under North Carolina law,

> The question of whether a contract was intended for the benefit of a third party is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the provisions of the contract, construed in light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish.

Johnson v. Wall, 38 N.C.App. 406, 410, 248 S.E.2d 571, 574 (1978).

Plaintiff Diana D.'s basic point appears to be that since she was the owner and the president of Mountain Land Properties, Inc., she was obviously intended to benefit from any contract entered into by Mountain Land Properties, Inc. – sort of an "inverse piercing of the corporate veil" or "inverse alter-ego" theory of recovery. Plaintiff, however, cites no authority for such a novel concept.

Plaintiff next obliquely argues that she was an intended beneficiary because she was, personally, a member of the joint venture. The allegations in the Amended Complaint, however do not bear out this position. One general allegation in the Amended Complaint points toward the *possibility* that Diana D. could have been a principal of the joint venture. "In November 2004, Defendant Lovell, and in or around February 2005, Defendant Rodney Hickox, approached Plaintiffs and indicated their interest in entering into a joint venture partnership with Plaintiffs, whereby all parties would develop the Unahala Road Property." [Doc. 23 at 2]. This general allegation lumping both Plaintiffs together, however, conflicts with the Amended Complaint's particular assertion that "Plaintiff Diana D., **acting on behalf of Plaintiff Mountain Land Properties, Inc. and in her capacity as the company's president,** moved forward with the

9

development venture by executing the requisite documents to assist in the procurement of a loan[.]" [Id. at 3 (emphasis added)]. Diana D., the individual, was not a signatory to any of the loan or security documents, a fact she freely admits. [Id. at 8 ("Diana D., who was not a party to the associated loan transaction, …")]. Thus, Plaintiffs' own allegations state that Diana D. was not a member of the joint venture, as formed.

To survive a motion to dismiss made pursuant to Rule 12(b)(6), a party's allegations, treated as true, are required to contain "enough facts to state a claim to relief that is *plausible on its face*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).[5] The claim need not contain overly "detailed factual allegations," Id. at 555, but "a formulaic recitation of the elements of a cause of action will not do[,]" nor will mere labels and legal conclusions suffice. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a

---

[5] The Court notes that Diana D., in her objections to the M&R, has articulated the wrong standard of review for Fed.R.Civ.P. 12(b)(6) motions. She asserts that Defendants' dismissal motions should not be granted "unless it appears certain that the claimant can prove no set of facts that would support its claim for relief." [Doc. 45 at 8]. This "no set of facts" standard, originally established by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was explicitly repudiated by the Supreme Court in Twombly, 550 U.S. at 562-63.

10

motion to dismiss. Twombly, 550 U.S. at 570. The touchstone, therefore, is plausibility and not possibility. The threadbare allegations in the Amended Complaint do not plausibly indicate she was a principal in the joint venture. The Amended Complaint contains no factual allegations concerning her individual role in the alleged joint venture, what labor, services, or materials she individually provided, or what control, authority or management power she possessed in her individual role in the joint venture (as opposed to her role as owner and president of Mountain Land Properties, Inc.). In fact, the allegations in the Amended Complaint undermine Plaintiff's argument. Putting aside for the moment the questions surrounding the exact nature of Diana D.'s business relationship with Defendants Lynn Hickox and Lovell, if any, the Amended Complaint contains no allegations whatsoever that Diana D. was an intended third-party beneficiary to the development of the Unahala Road Property. For these reasons Diana D.'s first specific objection is rejected.

Diana D.'s second, third, fourth, and fifth specific objections contest the Magistrate Judge's conclusion that the Amended Complaint failed to allege any fraud claims with particularity as well as failed to allege any facts supporting Diana D.'s contention that a fiduciary relationship existed between her and Defendants Lovell, Lynn Hickox, and Rodney Hickox.

11

[Doc. 45 at 6-7]. While Diana D. points the Court to various case citations that explain the legal relationship among members of a joint venture under North Carolina law [Id. at 9-11], nowhere does she address the Magistrate Judge's conclusion that the Amended Complaint was factually deficient. As stated *supra*, Plaintiff fails to allege in the Amended Complaint that she (rather than Mountain Land Properties, Inc.) was a joint venturer. The Amended Complaint also fails to set forth any allegations that Defendants Lovell and Rodney Hickox's "interest in entering into a joint venture" [Doc. 23 at 2], was ever consummated to create such a business enterprise. Diana D.'s explanation of North Carolina law, as it pertains to defining the legal relationships inherent in a joint venture, therefore, is of no moment because she has failed to assert a sufficient factual basis to give rise to a fiduciary relationship between the parties. For these reasons, Diana D.'s second, third, fourth, and fifth specific objections are rejected.

Diana D.'s final two specific objections, numbers six and seven, contest the Magistrate Judge's conclusion that her unfair and deceptive trade practices claim against Defendant SCBT should be dismissed. In order to make out a *prima facie* claim for unfair and deceptive trade practices, as the Magistrate Judge correctly pointed out, Diana D. must plausibly assert that: (1) Defendant SCBT committed an unfair or deceptive

12

act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiffs' injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000). She claims that Defendant SCBT committed an unfair or deceptive trade practice when its vice president, Rodney Hickox, and other bank officials, assured her that there was, and would continue to be, a one million dollar CD in place to satisfy the underlying loan debt, and such security was either discharged in secrecy (unfair) or never actually existed in the first place (deceptive). Further, she states these acts occurred "in the stream of commerce" because Plaintiffs were consumers of SCBT loans and the Defendant bank was engaged in selling and servicing credit accounts. [Doc. 45 at 7].

To begin, Diana D. admitted in the Amended Complaint that she was not a party to the financial arrangements resulting in the loan made by Community Bank and Trust. [Doc. 23 at 8]. Further, the Court has concluded that she was not a third-party beneficiary of this loan either. On this point, Diana D. recasts her novel "inverse piercing the corporate veil" theory in the form of a deceptive trade practices claim. For these reasons alone, Diana D.'s objection to the dismissal of her unfair and deceptive trade practices claim must be rejected.

13

In addition, the Amended Complaint does not identify any specific wrongful act or practice committed by Defendant SCBT. It simply states

> That the actions of the Defendants, and all of them, were deceptive, misleading, unfair and/or tended to deceive or mislead the Plaintiffs, insofar that, as a direct and proximate result, Defendants are liable for having engaged in unfair and/or deceptive trade practices as provided under North Carolina General Statute § 75-1.1, *et seq*.

[Doc. 23 at 7]. Gray, 529 S.E.2d at 681. Furthermore, since Diana D. fails to allege any unfair or deceptive act perpetrated by Defendant SCBT, she has also failed to allege how Defendant SCBT performed such unfair or deceptive act(s) in commerce or how such act(s) otherwise affected commerce. Diana D. cannot cure any pleading deficiencies with her post hoc written objections to the Magistrate Judge's M&R. Diana D.'s written objections cannot be used to convert what is a factually deficient pleading into a well-pleaded complaint. Accordingly, due to the Amended Complaint's factual insufficiencies, Diana D.'s sixth and seventh specific objections are rejected.

## ORDER

**IT IS, THEREFORE, ORDERED** that all of the claims asserted by Plaintiff Mountain Land Properties, Inc. against all of the Defendants are hereby **DISMISSED** and Plaintiff Mountain Land Properties, Inc. is hereby **TERMINATED** as a party to this action.

14

**IT IS FURTHER ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 44] is **ACCEPTED** and the Plaintiffs' Objections [Doc. 45] thereto are **REJECTED**. Accordingly:

(1) Defendant SBCT's Motion to Dismiss [Doc. 25] as to Plaintiff Diana D.'s First, Second, Third, Fourth, Sixth, and Seven claims against it is **GRANTED** and those claims are **DISMISSED**. Defendant SBCT's Motion to Dismiss [Doc. 25] as to Plaintiff Diana D.'s Fifth claim against it is **DENIED**;

(2) Defendant Lynn Hickox's Motion to Dismiss [Doc. 26] as to all of Plaintiff Diana D.'s claims against her is **GRANTED** and all such claims are **DISMISSED**. Defendant Lynn Hickox is **TERMINATED** as a party to this action;

(3) Defendant Rodney Hickox's Motion to Dismiss [Doc. 27] as to all of Plaintiff Diana D.'s claims against him is **GRANTED** and all such claims are **DISMISSED**. Defendant Rodney Hickox is **TERMINATED** as a party to this action; and

(4) Defendant Fred Lovell's Motion to Dismiss [Doc. 28] as to all of Plaintiff Diana D.'s claims against him is **GRANTED** and all such claims are **DISMISSED**. Defendant Fred Lovell is **TERMINATED** as a party to this action.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall send to the *pro se* Plaintiff a Notice of Availability of the Pro Se Settlement Assistance Program. Plaintiff Diana D. shall have fourteen (14) days (the "Opt-in Period") to decide whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Asheville. The deadline for conducting an initial attorneys' conference is tolled during this Opt-in Period.

**IT IS SO ORDERED.**

Signed: September 11, 2014

Martin Reidinger
United States District Judge